IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED ARAB SHIPPING CO.** | : |
| Plaintiff | : No. |
| vs. | : |
| **HUATAI USA, LLC** | : |
| | : CIVIL ACTION |
| Defendant | : |

# COMPLAINT

## PARTIES

1. Plaintiff, **UNITED ARAB SHIPPING CO.**, is a Delaware Corporation and a citizen of the State of Georgia with a principal place of business of 5515 Spalding Drive, Peachtree Corners, GA 30092.

2. Defendant, **HUATAI USA, LLC**, is a foreign corporation and a citizen of the Commonwealth of Pennsylvania with a principal place of business at 200 Bar Harbor Drive, Conshohocken, PA 19428.

## JURISDICTION

3. Jurisdiction of this Court is proper under 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties and the amount in controversy.

## VENUE

4. Venue in this Court is proper under 28 U.S.C. § 1391, as the Defendant is a resident of this judicial district.

## COUNT I
## Breach of Contract

5. In or about January of 2013, Defendant entered into a written Credit Agreement ("Agreement") with Plaintiff, a true and correct copy of which is attached hereto, made a part hereof and marked Exhibit "A."

6. At Defendant's request, pursuant to the terms and conditions applicable to the Agreement, Plaintiff rendered to Defendant certain shipping services in the amount and for the prices set forth in bills of lading and invoices issued from Plaintiff to Defendant, true and correct copies of which are attached hereto, made a part hereof and collectively marked Exhibit "B."

7. The prices charged for the aforesaid services are just and reasonable and are those which Defendant promised to pay Plaintiff.

8. Defendant received said services.

9. Defendant accepted said services.

10. Defendant did not reject said services.

11. Defendant did not dispute the quality of said services.

12. Defendant has not paid Plaintiff in full for said services.

13. A total principal amount which became due for the above-referenced services, after allowance for all proper credits for payments and/or adjustments, if any, was $311,378.56, as set forth in a statement of Defendant's account taken from Plaintiff's business records, a true and correct copy of which is attached hereto, made part hereof and marked Exhibit "C."

14. In connection with the above-referenced services, Plaintiff also incurred detention fees in the amount of $6,000.00 for which Defendant is liable, as set forth in the invoice issued from Plaintiff to Defendant in connection therewith, a true and correct copy of which is attached hereto, made part hereof and marked Exhibit "D."

15. Pursuant to the terms and conditions set forth on page 2 of the Agreement, which is attached hereto as Exhibit "A," Plaintiff is also entitled to receive interest on the above amount determined by applying the agreed interest rate of 12.00% *per annum* to the past due balance, which totals $57,597.69 as of September 1, 2016.

16. Plaintiff is entitled to have the 12.00% interest charge continue to accrue as set forth above, from August 30, 2016 on down to the date of judgment in this matter.

17. Pursuant to section 14.5 of the terms of the above-referenced Bills of Lading, Plaintiff is entitled to recover its court costs, expenses and reasonable attorneys' fees incurred in collecting the above sums, which totals $47,606.78. A true and correct copy of said terms and conditions is attached hereto, made part hereof and marked as Exhibit "E."

18. Plaintiff has made demand against Defendant for the aforesaid sums, but Defendant failed or refused to pay the same or any part thereof.

**WHEREFORE**, Plaintiff demands judgment against Defendant for **$422,791.71** together with the continually accruing interest charge at the agreed rate of 12.00% *per annum* from September 1, 2016, costs of suit, attorneys' fees and all other relief to which Plaintiff may be entitled.

## COUNT II
### Alternative to Count I - Unjust Enrichment

19. Plaintiff incorporates the allegations of every paragraph enumerated above of this Complaint as if said paragraphs were fully set forth here at length.

20. At the request of Defendant, Plaintiff conferred a benefit upon Defendant by providing the shipping services described in the exhibits attached hereto.

21. Defendant received and accepted the benefit of said services provided by Plaintiff.

22. At all times material hereto, Defendant was aware that Plaintiff was providing the aforesaid services to Defendant and that Plaintiff expected to be paid for such.

23. At all times material hereto, Defendant, with the aforesaid knowledge, permitted Plaintiff to provide said services and to incur damages.

24. At all times material hereto, Defendant was unjustly enriched by retaining the benefit of receiving said services without paying Plaintiff fair and reasonable compensation.

25. Allowing Defendant to retain the benefit of said services without paying fair compensation would be unjust.

26. By reason of the aforesaid unjust enrichment of Defendant at Plaintiff's expense, an implied contract exists between Plaintiff and Defendant and Defendant is obligated to pay Plaintiff the *quantum meruit* value of the services described in the exhibits attached hereto in the amount of $317,378.56.

**WHEREFORE**, Plaintiff demands judgment against Defendant for **$317,378.56** together with the continually accruing interest charge at the statutory rate of 6.00% *per annum* from September 1, 2016, costs of suit and all other relief to which Plaintiff may be entitled.

AMATO KEATING AND LESSA, P.C.
By:

_____
Michael R. Lessa, Esq., PA Atty ID #88617
Attorney for Plaintiff
107 North Commerce Way
Bethlehem, PA 18017
(610) 866-0400